**FARMERS–MERCHANTS BANK AND TRUST COMPANY**

v.

**The TRAVELERS INDEMNITY COMPANY.**

Civ. A. No. 90–0789.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

April 20, 1992.

Stanford B. Gauthier, II, Breaux Bridge, La., for Farmers–Merchants Bank & Trust Co.

Stanhope B. Denegre, New Orleans, La., for Travelers Indem. Co.

## JUDGMENT

EDWIN F. HUNTER, JR., District Judge.

Having reviewed the Report and Recommendation of the Magistrate Judge, as well as any objections which have been filed thereto, the applicable law and the memoranda and exhibits filed by counsel of record, and finding the Report and Recommendation of the Magistrate Judge to be correct;

IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Farmers–Merchants Bank and Trust Company is DENIED and the Motion for Partial Summary Judgment filed by The Travelers Indemnity Company is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim of Farmers–Merchants Bank and Trust Company for recovery for breach of the warranty of presentment under La.R.S.

10:5–111 is prescribed, and is, accordingly, DISMISSED WITH PREJUDICE.

## REPORT AND RECOMMENDATION

TYNES, United States Magistrate Judge.

The pending Motions for Summary Judgment filed by plaintiff and defendant have been referred to the undersigned Magistrate Judge for Report and Recommendation as to disposition.[1] Motions pending before the Court include the Motion for Summary Judgment filed by Farmers–Merchants Bank and Trust Company ("Farmers Bank") on January 30, 1992[2] and the Motion for Partial Summary Judgment filed by Travelers Indemnity Company ("Travelers") on February 11, 1992.[3]

## BACKGROUND

This suit was filed by Farmers Bank against Travelers in the Sixteenth Judicial District Court, State of Louisiana, but was subsequently removed to federal court by Travelers on the basis of diversity jurisdiction. Farmers Bank seeks recovery of proceeds paid, or alternatively a portion of the proceeds paid, by it to Travelers under a stand-by letter of credit issued by Farmers Bank in favor of Travelers on behalf of Dugas Construction Company ("Dugas").[4] The parties agreed to the following statement of uncontested facts:[5]

(1) Plaintiff, Farmers–Merchants Bank and Trust Company, is a banking corporation domiciled in St. Martin Parish, Louisiana.

(2) Defendant, The Travelers Indemnity Company ("Travelers") is a foreign corporation which was authorized and was doing business in the State of Louisiana in 1985, although it may no longer be doing so.

(3) On or about September 16, 1985, the Bank established irrevocable Letter of Credit No. 133 in the aggregate amount of TWO HUNDRED THIRTEEN THOUSAND, EIGHT HUNDRED AND NO/100 ($213,800.00) DOLLARS in favor of Travelers on behalf of Dugas Construction Company. (Petition, paragraph 2, admitted in Answer, paragraph II.) (A copy of the Letter of Credit is attached to the Petition and marked "Exhibit A" for identification.)

(4) On or about October 4, 1985, Travelers executed a Contract Bond on behalf of Dugas Construction Co. as Surety *in favor of Credit General Insurance Companies* for 1985 Additions & Renovations to the Co–Operative Extension Service Exhibition Building in Abbeville, Louisiana. (A copy of the Bond is attached to the Petition and marked "Exhibit B" for identification.)

(5) On or about April 14, 1986, Travelers presented its sight draft in the amount of TWO HUNDRED THIRTEEN THOUSAND, EIGHT HUNDRED AND NO/100 ($213,800.00) DOLLARS to the Bank for payment under the letter of credit together with its written statement that it, as surety, had executed a bond on behalf of Dugas Construction Company *in favor of Credit General Insurance Companies* on a job for the Vermilion Parish Police Jury and that there existed unreleased liabilities under said bond. The statement further noted that Travelers would refund to the Bank the amount paid, less any amounts which may have been paid by Travelers in the meantime under the bonds. (Copies of the sight draft and the accompanying statement by Travelers are attached to the Petition and marked "Exhibit C" and "Exhibit D", respectively.)

1. Official Document No. 22.

2. Official Document No. 23.

3. Official Document No. 24.

4. See Letter of Credit No. 133, Exhibit A to plaintiff's Petition, Official Document No. 2.

5. Statement of Material Facts, filed as attachment to plaintiff's Motion for Summary Judgment, Official Document No. 23, and Responses by Travelers Indemnity Company, filed as attachment to Travelers' Motion for Partial Summary Judgment, Official Document No. 24.

(6) The Bank timely honored the sight draft presented to it by Travelers and paid TWO HUNDRED THIRTEEN THOUSAND, EIGHT HUNDRED AND NO/100 ($213,800.00) DOLLARS to Travelers under the Letter of Credit on April 14, 1986. (Petition, paragraph 10, admitted in Answer, paragraph VIII.)

Counsel stipulated in writing subsequent to the filing of the Motions for Summary Judgment that said motions were only intended "to address the legal issue of the effect of the alleged non-conforming documents presented by Travelers to the plaintiff in connection with the plaintiff's Letter of Credit."[6]

Farmers Bank has asserted two alternative causes of action in its petition. First, it seeks recovery of the full sum paid on the letter of credit on grounds that the documents presented by Travelers did not conform with express conditions of the Letter of Credit, *viz.* the statement presented by Travelers along with its sight draft requesting payment of $213,800.00 stated that the surety bond executed by Travelers was executed "in favor of General Credit Insurance Company on a job for Vermilion Parish Police Jury ..."[7], rather than "in favor of Vermilion Parish Police Jury" as required by the Letter of Credit,[8] and accordingly, that Travelers breached the warranty of presentment under La.R.S. 10:5–111, thus entitling Farmers Bank to recover the full sum that it paid.[9] Alternatively, Farmers Bank avers that Travelers charged excessive liabilities as losses against the contract bond to its detriment and that it is therefore entitled to recover any and all sums which Travelers wrongfully or erroneously assumed as liabilities under the bond. The motions for summary judgment concern the first cause of action only.

Farmers Bank now seeks judgment as a matter of law that Travelers breached the warranty of presentment under La.R.S. 10:5–111 when it presented the request for payment which did not conform precisely to the conditions of credit required by letter of credit no. 133, and accordingly, that Farmers Bank is entitled to recover the full sum paid. Travelers, on the other hand, seeks a judgment as a matter of law that the bank's first claim has prescribed under La.R.S. 10:5–112 as interpreted by *Auto Servicio San Ignacio, S.R.L. v. Compania Anonima Venezolana,* 765 F.2d 1306 (5th Cir.1985).

*Auto Servicio, supra,* held that under Louisiana law, La.R.S. 10:5–112, a one to two year hiatus between the time that documents were submitted to procure payment under an international letter of credit and the time that the issuing bank and its customer raised claims of non-conformity of the documents with the terms of the credit, was unreasonable as a matter of law and thus, the claims were barred. In particular, the issuing bank and customer alleged a right to recover proceeds paid on the credit by the advising, confirming and paying bank on grounds that the paying bank negligently failed to confirm authenticity of a bill of lading presented in support of a request for payment.

Both of the pending motions also raise difficult compliance issues which have not yet been settled by the courts.[10] However, these issues need not be analyzed because

---

**6.** Stipulation filed February 19, 1992, Official Document No. 26.

**7.** See Exhibit D, attachment to Travelers' Motion for Partial Summary Judgment, Official Document No. 24.

**8.** See Letter of Credit No. 133, Exhibit A to plaintiff's Petition, Official Document No. 2.

**9.** Although La.R.S. 10:5–111 does not clearly establish a cause of action for breach of the warranty of presentment, several cases do acknowledge the right of the customer of an issuing bank, and of an issuing bank itself to recover sums paid to a beneficiary who has breached Section 5–111. *Philadelphia Gear Corp. v. Central Bank,* 717 F.2d 230 (5th Cir.1983), *reh'g denied,* 720 F.2d 1291 (5th Cir.1983); *Delta Brands, Inc. v. MBank Dallas N.A.,* 719 S.W.2d 355 (Tex.App.1986), and *Mellon Bank, N.A. v. General Electric Credit Corp.,* 724 F.Supp. 360 (W.D.Pa.1989).

**10.** See discussion in *J. White and R. Summers, Hornbook—*Uniform Commercial Code, § 19–12, Supp. pp. 10–11 (1991).

the prescription defense is dispositive. Farmers Bank honored Travelers' sight draft and paid $213,800.00 to Travelers on April 14, 1986. The extant action was not filed in state court until May 4, 1990, more than four years after the payment. There is no evidence of record, nor any indication of evidence otherwise, that Farmers Bank gave notice prior to the filing of suit that it considered the documents presented to be non-conforming.

Farmers Bank attempts to distinguish the *Auto Servicio* decision on the following grounds: (1) that *Auto Servicio* did not deal with a Section 5–111 warranty; (2) that *Auto Servicio* only establishes a prescriptive period for the assertion of a claim of an issuing bank and/or a customer against an advising, confirming and paying bank. The case at bar, of course, involves the claim of an issuing bank against a beneficiary; (3) that its explanation for the delay in filing of suit interrupts or suspends prescription. Specifically, Farmers Bank cites its interest in an ongoing business relationship with Travelers during the pendency of Travelers' decision concerning what amount would be reimbursed to Farmers Bank on the bond as a basis for interruption or suspension of prescription as to the Section 5–111 claim; and finally (4) that the ten year prescriptive period for a breach of warranty claim under Louisiana law is applicable, citing *Delta Refrigeration Co., Inc. v. The Upjohn Co.*, 432 F.Supp. 124 (W.D.La.1977).

■ The distinctions which the bank raises do not preclude the applicability of *Auto Servicio*. The fact that the defendant in *Auto Servicio* was not a beneficiary is irrelevant. The factor governing determination of the applicability of a prescriptive statute or decision is the nature of the claim at issue. For example, under Louisiana law a delictual claim prescribes in one year and a contract claim prescribes in ten years.[11] The nature of the claim in

*Auto Servicio* is for our purposes the same as the nature of Farmers Bank's claim, despite the fact that *Auto Servicio* did not cite Section 5–111 as a basis for recovery.

Furthermore, while the express language of La.R.S. 10:5–112 appears to set out only the time frame allowed for honor or rejection of a draft demand or credit, the Fifth Circuit expanded the scope of the provision by interpretation in *Auto Servicio*. This Court is bound by that Fifth Circuit precedent. And it is clear that a four year delay between the time that the non-conforming documents were submitted and the time that a claim was asserted for recovery on the basis of non-conformity is an unreasonable delay under either La.R.S. 10:5–112 or the U.C.P., Uniform Customs and Practice for Commercial Documentary Credits.[12]

■ Next, Farmers Bank has cited no authority, and this Court is aware of none, which would support the argument that prescription was interrupted or suspended on its breach of warranty claim during the time which elapsed while Farmers Bank awaited Travelers' reimbursement on the contract bond. This argument is entirely without merit.

■ Finally, the *Delta Refrigeration* case cited by the plaintiff is not persuasive as the warranty claim in that case involved a manufacturer's warranty of the safety of a product. Furthermore, Article 3499 of the Louisiana Civil Code, which sets forth a ten year prescriptive period for all personal actions, excludes any actions which are covered under other legislation. By virtue of *Auto Servicio*, La.R.S. 10:5–112 governs the extant action, therefore precluding the applicability of La.C.C. Article 3499.

For all of the foregoing reasons, I recommend that the Motion for Summary Judgment filed by Farmers Bank be DENIED, and that the Motion for Partial Summary Judgment filed by Travelers be GRANTED and that a judgment be entered holding

---

11. Louisiana Civil Code Articles 3492 and 3499.

12. Although the U.C.P. was not expressly adopted in Letter of Credit No. 133, the provisions of the letter do not expressly exclude its applicability either. Moreover, Professors

White & Summers have opined that the U.C.P. is "a fruitful source of analogy even in cases that are governed by the U.C.C." Uniform Commercial Code, 3rd Edition, § 19–11, pp. 87–88 (1988).

that the claim of Farmers Bank for recovery under La.R.S. 10:5–111 is time barred under La.R.S. 10:5–112 and *Auto Servicio San Ignacio, S.R.L. v. Compania Anonima Venezolana,* 765 F.2d 1306 (5th Cir. 1985).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C), the parties have ten (10) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the District Judge prior to a final ruling. FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATION CONTAINED IN THIS REPORT WITHIN TEN (10) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS ON APPEAL.